OPINION of the Court, by
Judge Clark
Aldridge declared in covenant, against Craddock and others, on an article of agreement entered into with them as commissioners, appointed by the county court of Mercer, for letting the building of the court-house, for the Danville district court. In which Aldridge covenants on his part, to do the carpenters, joiners and painters work of the house, by the 1st day of April, 1802, in a style as mentioned in the agreement. Crad-dock, &c. in consideration thereof, covenanted among other things, to give him the sum of £. 360, one fourth’ part to be paid when he began the work, one fourth part when the roof should be finished, and the remainder when the work should be completed. The defendants plead payment, and failure on the part of the plaintiff to perform the covenants on his part. The jury found for the plaintiff 118 dollars 53 cents, in damages, for which a judgment was awarded. To reverse which Judgment, this writ of error is prosecuted.
*16 The only error relied on by the counsel for Crad» dock, was, that “ the court below erred in overruling the defendant’s motion for a new trial, as stated in the bill of exceptions. From which it appears that Al-dridge, though he had completed the work bv the time mentioned, had failed to do it in the style specified in his covenant; it will be therefore necessary for the court to determine, whether the covenants contained in the article of agreement, upen which suit teas brought, are such as are called mutual and independant, where either party may recover damages from the other, for a breach of the covenant, and where it is no excuse for the defendant to allege a new performance on the part of the plaintiff ; or such as are conditional and dependant; m which the performance of the one, d epends upon the jjerformance of the other, and until a prior condition is performed,'no action lies for the non performance of the other. The plaintiff in error, contends they are of the latter description. The most of the cases we have seen upon this subject, are decided upon such nice and technical distinciions, as to render it difficult, if not impracticable; to ascertain from them any general rule, or principle, bv which it can be clearly known, what covenants are independant, and what dependant, and therefore when necessary to'aver and prove performance, and when not. We shall on this occasion, make what we conceive to have been the intention of the parties, with the good sense of the contract, give it description. Craddock and others, agreed to pay one fourth part of the price agreed on, when Aldridge should commence the work, one fourth part when the roof should be finished, and the balance when the work was completed. Two payments became due before the work could by possibility have been completed, and if the defendants had refused to make payment, and suit had been commenced, they could not have said the work was not finished, nor could the plaintiff have averred it was. Their agreement has fixed the time of payment, and plainly shews the defendants, when they made the contract, relied upon their remedy by action, in case offal-lure, and not to make the completion of the work a condition precedent. It is laid down as a rule in the construction of covenants, that if any money is to be paid before the thing is to be done, the covenants are imita» *17 at and independant — John. 272,887. - In this ease, if no money was to have been paid before the wort w»s finished, it would by no means follow, that the covenants were dependant; for that part of the agreement which relates to the last payment, though it states the payment to be made when the work is completed, we may well suppose they alluded to the first day of April, 1802, which was the time when the work by agreement was to have been completed. If we are correct In supposing the covenants mutual and independant, the court below did right in overruling the motion for anew trial.
Judgment affirmed.